FILED
2005 Sep-22 PM 12:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RITA STUBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 03-RRA-0740-M |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| COLETTE ROSALIE BROVAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a slip-and-fall case. The complaint alleges that the plaintiff fell on a freshly-mopped part of the floor of the Centre Post Office, and that she suffered injuries as a result. The complaint further states that there was no warning that the area had just been mopped. Before the court is the government's motion for summary judgment.[1] The government contends (1) that the plaintiff was contributorily negligent and (2) that the cleaning woman was acting as a general contractor and not an employee of the United States. The parties have presented evidence in support of and in opposition to the defendant's motion. The court will consider only that evidence pointed out and argued by the parties. The evidence, of course, will be viewed in the light most favorable to the plaintiff.

Evidence

Ms. Brovan had a written contract with the Postal Service to provide eleven (11) hours

---

[1] Brovan was previously dismissed from the case.

of cleaning services per week for one year. She was to be compensated at the rate of $14.83 per hour, and she was to be paid weekly, by cash, check, or no-fee money order. The contract expressly states that Brovan is not a postal employee but an independent contractor. The contract also contains a hold harmless and indemnity clause running from Brovan to the government. The contract further states that the Postal Service will not withhold taxes or take any other kind of deduction from Brovan's hourly pay. The Postal Service was to provide reasonable quantifies of cleaning equipment and supplies. The contract further stated, "Cleaning service will be of the kind and quality offered and sold in the commercial marketplace under commercial terms and conditions. The Postal Service reserves the right to reject any work it finds unsatisfactory." Brovan was told by the postmaster that if she had any questions he could call the main office and get an answer. She testified that she did not receive any supervision when she went about her mopping duties. From time to time, the postmaster commented on her good work.

On the day in question, the plaintiff saw Ms. Agnes Wright, whom she knew, and the two women were engaged in conversation when they entered the post office. The plaintiff testified that when she entered, she saw Brovan off to the right, mopping the floor in the back, at the extreme corner of the post office, where the post office boxes are located, to the front. The plaintiff noticed a "Wet Floor" sign, which was bright yellow, two feet high and nine inches wide, to the right of the front door and against the back wall where stamps are purchased. Wright testified that she noticed an exceptional amount of water on the floor when they entered. The plaintiff went to the left. She walked by Brovan and the sign. She did not look to see if the floor was wet where she was walking. Brovan testified that the plaintiff

2

"flew" past her. The plaintiff did not dispute that description of her speed of her gait, but testified that if her she was considered to be in a hurry, she was not in any more of a hurry than any other day she went to the post office. After the accident, the postmaster told Brovan to move the sign so that it would be more visible.

## Discussion

The common law factors to be considered in deciding whether a person is an independent contractor or an employee are stated in *Short v. Central States, Southeast & Southwest Areas Pension Fund*, 729 F.2d 567, 571-72 (8th Cir. 1984). Factors the IRS states should be considered are stated in *Hospital Resource Personnel, Inc. v. U.S.*, 68 F.3d 421, 427 (11th Cir. 1995). The factors set out in those cases include whether the worker is engaged in a distinct occupation or business, whether the work performed is part of the principal's regular business, whether the hours of work are set, whether there is a right to work for another, whether compensation is by the job or by the hour, whether there is a right to terminate without cause, the skill required, which party supplies the tools, and whether the parties believe they are creating a master-servant relationship. The overriding factor, however, is day-to-day control:

> The true test for independent contractor status addresses the United States' power " 'to control the detailed physical performance of the contractor,' " or, in other words, whether Coleman's "day-to-day operations are supervised by the Federal Government." *Id.* at 814, 815, 96 S.Ct. at 1976 (quoting *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973)) (footnote omitted).

*Tisdale v. U.S.*, 62 F.3d 1367, 1371 (11th Cir. 1995).

In this case, the Centre Post Office paid Ms. Brovan for part-time cleaning services. She worked eleven (11) hours a week. Apparently she set her own hours, and she was free to work for other persons. The Postal Service did not cut her pay for taxes, and apparently she was not on the regular payroll. The contract between Brovan and the defendant specifically states that she is not an employee. Finally, there was no supervision of Brovan's clean-up, which was unskilled work that really did not require supervision.  After consideration of all of the evidence, in the light most favorable to the plaintiff, it is decided, as a matter of law, that Ms. Brovan was not an employee of the defendant.

> With respect to the defendant's contributory negligence defense, the plaintiff argues:

> The "Wet Floor" sign was pushed against the wall of the Post Office as the Plaintiff entered the building. Ms. Brovan was mopping in the right hand corner as the Plaintiff entered. The Plaintiff entered the office and went directly to her left in order to check her mailbox. The Plaintiff did not know, nor did she have any reason to know, that ms. Brovan had just finished mopping the area where the Plaintiff was headed. The warning sign was not out in the middle of the lobby to provide the proper warning to customers.

*Plaintiff's Brief*, p. 4.

Along with pointing out that the plaintiff saw Brovan mopping and the "Wet Floor" sign, and Ms. Wright's testimony that the floor was very wet, the government further argues that, although the sign might arguably have been better positioned, the plaintiff failed to see an open and obvious hazard and to act accordingly.  "An invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." *McClendon v. Mountain Top Indoor Flea Marcket, Inc.*, 601 So.2d 957, 959 (Ala. 1992) (*quoting Geis v. Tennessee Coal,*

4

*Iron & R.R. Co.*, 143 Ala. 299 (1904). Wright testified: "I really don't think Rita noticed the amount of water that was on the floor. It was an exceptional amount to be mopping." *Wright Deposition*, p. 13. It is not clear whether Wright noticed the water before or after the plaintiff fell. It is not clear whether a reasonable person under these circumstances would have noticed it. The court cannot conclude, as a matter of law, that the plaintiff is guilty of contributory negligence or that she ignored an open and obvious hazard.

Decision

The government's motion for summary judgment is due to be granted on the ground that Colette Brovan was not a government employee. An appropriate order will be entered.

DONE this 22nd day of September, 2005.

*Robert R. Armstrong*
_____
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE